TRACY L. WOOD, Esq. (SBN 209362)
LAW OFFICES OF TRACY WOOD
5980 Stoneridge Drive, Ste. 116
Pleasanton, CA  94588
Telephone No.: (925) 469-9888
Fax No.: (925) 469-9889

Attorney for Plaintiff: OLIVE CANONIZADO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVE CANONIZADO,<br><br>    Plaintiff,<br><br>    vs.<br><br>HOME LOAN SERVICES, INC.; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK;<br>and DOES 1 through 50, inclusive,<br><br>    Defendants, | Case No.: CV 09-03530 CW<br><br>FIRST AMENDED COMPLAINT FOR:<br>  1. PREDATORY LENDING<br>  2. WRONGFUL FORECLOSURE<br>  3. UNFAIR BUSINESS PRACTICES<br>  4. QUIET TITLE |

  Comes now Plaintiff, OLIVE CANONIZADO, (hereinafter "Plaintiff") and files this Complaint against Defendants, HOME LOAN SERVICES, INC.; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; MORTGAGE ELECTRONIC REGISTRATION

1

SYSTEMS, INC.; FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; and DOES 1 through 50, inclusive, and alleges as follows:

**INTRODUCTION**

1. For many ugly years, lenders have worked to place borrowers, such as Plaintiff OLIVE CANONIZADO, in loans that were concurrently the worst possible home loans for the borrowers, but the most profitable loans for the lender. In direct and knowing contravention of federal and California law, they falsified documents and steered members of vulnerable communities into inappropriate indebtedness, purposefully setting up such debt to fail.

2. In these "loan to own" schemes, lenders gouged borrowers for fees, for higher rates, and for higher debt loads, in order to ultimately use such predatory lending to take the homes themselves out from under the borrower. Unfortunately for all of us, this scheme, which provided lenders a printing press for money in the short term, was too wide-spread and too effective. The result is a tidal wave of loan failures that is sinking all ships. Plaintiff, OLIVE CANONIZADO is one victim of this scheme. She was given a loan violative of law and decency, and is fast approaching the lender's intended endgame of losing her home.

**PARTIES AND VENUE**

3. At all times herein mentioned and relevant Plaintiff was, and now is, a natural person, residing in ALAMEDA COUNTY, California.

4. Jurisdiction of the subject matter in this Court is proper because the cause of action herein arose in ALAMEDA COUNTY, California by virtue of a mortgage loan and related transactions which concern the Plaintiff's primary residential real estate which is

located at 5912 ROXIE TERRACE, FREMONT, CA 94555 which is located within ALAMEDA COUNTY.

5. Venue of this action is proper within this Court as at least one named Defendant is subject to suit within this Court, and thus all Defendants are properly sued in this Court.

6. Defendant HOME LOAN SERVICES, INC. is a Delaware corporation doing business within the State of California.

7. Defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES is a California corporation doing business within the State of California.

8. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. is a Delaware corporation doing business within the State of California.

9. Defendant FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK is a California corporation doing business within the State of California.

10. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when the same are ascertained.

11. Plaintiff is informed and believes and on that basis alleges, that each Defendant Doe is responsible for the conduct alleged herein and is a party against whom damages and equitable relief is appropriate.

12. Plaintiff is informed and believes, and on that basis alleges, that each Defendant, including the Defendant Does, is and/or was, at all times mentioned herein and relevant, an agent, servant, co-conspirator, and/or employee of each of the other Defendants, and in doing the things alleged was acting in the course of said agency, conspiracy, and employment.

13. Defendants variously sell, procure, and otherwise facilitate home loans.

14. At the time the loan was entered into and in the process of the servicing of the loan thereafter, none of the Defendants disclosed pertinent information, including the inability of Plaintiff to qualify for the loan under California law.

15. Defendants have conducted an improper trustee's sale of the subject real property.

16. All of the foregoing represents an example of a pattern of Defendants' unlawful, fraudulent and unfair business acts or practices, designed to maximize the number of loans, and therefore profits, of Defendants at the expense of borrowers' interests in their homes and financial security.

17. This pattern was achieved by Defendants intentionally seeking and receiving from borrowers, including Plaintiff OLIVE CANONIZADO, reliance on the above described disclosures and misrepresentations during the application process, closing, and servicing of the Loan.

18. Plaintiff was the record owner in fee simple of the real property identified as 5912 ROXIE TERRACE, FREMONT, CA 94555, prior to the trustee's sale identified herein.

## CLAIMS FOR RELIEF

### COUNT I: PREDATORY LENDING
**(against Defendant FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK)**

19. Plaintiff reaffirms and realleges those paragraphs 1 through 18 inclusive as if specifically set forth fully herein below.

20. In California, a residential real estate loan is presumed to be predatory if the monthly payment amount on all of the borrower's debts, including payments made on the loan, exceed 55% of the borrower's gross monthly income at the time the loan is made.

21. Upon the loan for the subject property being approved, Plaintiff's monthly debt service increased to approximately 118% of Plaintiff's gross monthly income, thereby the

monthly payment amount on all of the borrower's debts, including payments made on the loan, exceed 55% of the borrower's gross monthly income at the time the loan is made, resulting in a predatory loan on its face, under Fin. Code § 4973.

22. As a direct consequence of Defendant's improper loan issuance, Plaintiff has been damaged in an amount according to proof.

23. WHEREFORE, Plaintiff prays for judgment against Defendant as set forth hereinafter.

### COUNT II: WRONGFUL FORECLOSURE
(against all Defendants)

24. Plaintiff reaffirms and realleges those paragraphs 1 through 23 inclusive as if specifically set forth fully herein below.

25. Section 2923.5 of the California Civil Code (newly enacted in July 2008) mandates that the "mortgagee, trustee, beneficiary, or authorized agent" contact the borrower regarding options to avoid foreclosure at least 30 days before the notice of default is recorded. It is the intent of the Legislature that in light of the overwhelming foreclosures occurring in California weakening the economy, said statute was enacted for the purpose of ameliorating the effects of foreclosures by contacting the borrowers and assessing their financial situation, <u>before</u> the notice of default is recorded, to explore options so that further foreclosures can be avoided. If the Notice of Default has been recorded as of the effective date, but the Notice of Trustee's Sale has not, the contact and declaration regarding contact must be attached to the Notice of Trustee's Sale.

26. On or around June 6, 2008, Defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES recorded a Notice of Default on the property with the county recorder of ALAMEDA COUNTY.

27. The Notice of Default was not posted in a conspicuous place on the property, in violation of Civ. Code § 2924b.

28. The Notice of Default was not mailed to Plaintiff, in violation of Civ. Code § 2924b.

5

29. No mortgagee, trustee, beneficiary, or authorized agent of any Defendant made contact with Plaintiff 30 days prior to the recordation of the Notice of Trustee's Sale, in violation of Civ. Code § 2923.5.

30. Plaintiff is informed and believes and thereon alleges that Defendant did not conduct proper and sufficient due diligence in attempting to contact Plaintiff before recording the Notice of Trustee's Sale.

31. The Notice of Trustee's Sale was not mailed to Plaintiff, in violation of Civ. Code § 2924f.

32. Defendant did not include, with the Notice of Trustee's Sale, an additional notice with a translation in Tagalog, Vietnamese, Spanish, Chinese, Korean, in violation of Civ. Code § 2924.8.

33. The basis for Defendant's title is the trustee's deed issued on January 8, 2009. The trustee's deed was issued as a result of that sale voided by the procedural irregularities set forth herein.

34. The sale was improperly held and the trustee's deed was wrongfully executed, delivered, and recorded in violation of the terms and conditions of the promissory note and the deed of trust and in violation of the foreclosure laws of the State of California.

35. The failure of Defendants to comply with the various provisions set forth in this section is in violation of California law and the foreclosure process is defective and void.

36. In doing all the things heretofore alleged, Defendants acted intentionally and willfully, and Plaintiff is entitled to an award of punitive damages.

37. As a direct result of Defendants' various statutory violations resulting in a wrongful foreclosure, Plaintiff has been damaged according to proof.

38. WHEREFORE, Plaintiff prays for judgment against Defendants as set forth hereinafter.

### COUNT III: UNFAIR BUSINESS PRACTICES
**(against all Defendants)**

39. Plaintiff reaffirms and realleges those paragraphs 1 through 38 inclusive as if specifically set forth fully herein below.

40. By and through their practices set forth herein, Defendants engaged in a pattern of violations of California law, including but not limited to, the Civil Code and the Financial Code.

41. Plaintiff is informed and believes and thereon alleges that by and through these practices and violations, Defendants were able to gain an unfair competitive advantage over their competitors in the free marketplace and that this advantage, being brought about by such unfair means, constituted a violation of Bus. & Prof. Code § 17200, *et seq*.

42. Plaintiff is informed and believes and thereon alleges that the unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein.  Plaintiff has no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or recurring in the future.

43. WHEREFORE, Plaintiff prays for judgment against Defendants as set forth hereinafter.

### COUNT IV: QUIET TITLE
### (against all Defendants)

44. Plaintiff reaffirms and realleges those paragraphs 1 through 43 inclusive as if specifically set forth fully herein below.

45. As a result of the improper foreclosure proceedings, which are legally void, Plaintiff is still the legal and equitable owner of the property located at 5912 ROXIE TERRACE, FREMONT, CA 94555.

46. Plaintiff has superior title to all other persons, including all parties to this lawsuit, and the basis for this title is the original deed of trust.

47. Defendants claim an interest in the property; however, this interest is legally void, and Plaintiff is entitled to a rescission and extinguishment of this interest.

48. Plaintiff therefore seeks to quiet title as of the date of this complaint.

49. Plaintiff therefore seeks a declaration that the title to the property is vested in Plaintiff alone and that Defendants, and each of them, be declared to have no estate, right, title, or

interest in the subject property and that said Defendants be forever enjoined from asserting any estate, right, title or interest in the property.

50. WHEREFORE, Plaintiff prays for judgment against Defendants as set forth hereinafter.

## RELIEF SOUGHT

51. WHEREFORE, having set forth numerous legally sufficient causes of actions against Defendant, Plaintiff prays:

1) For set aside of trustee sale;
2) For an order compelling Defendants to transfer legal title and possession of the subject property to Plaintiff;
3) For reformation of contract;
4) For punitive damages;
5) For statutory damages as to the First Cause of Action;
6) For attorney fees;
7) For costs of suit incurred; and
8) For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

## DEMAND FOR JURY TRIAL

52. Plaintiff demands a trial by jury of all matters so triable as a matter of right.

Dated: 8/27/09

\_/s/ Tracy L. Wood\_\_
Tracy L. Wood, Esq.
Attorney for Plaintiffs

**VERIFICATION**

I, OLIVE CANONIZADO, am the Plaintiff in the above entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, expect as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing true and correct and that this declaration was executed at FREMONT, CALIFORNIA.

Dated: August 27, 2009

                                                 __/s/Olive Canonizado_____
                                                 OLIVE CANONIZADO, Plaintiff